```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WINDWARD BORA, LLC,

                    Plaintiff,         Memorandum and Order

        v.                             21-CV-03147(KAM)(RER)


TANIKI A. BROWN,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Pending before the Court is Plaintiff Windward Bora LLC's ("Plaintiff") motion for default judgment of foreclosure and sale.  (ECF No. 11.)  To date, despite being properly served with process and notice of the motion for default judgment, Defendant Taniki A. Brown ("Defendant") has not defended or otherwise appeared in the instant action, which seeks foreclosure of Ms. Brown's premises and mortgage encumbering a property at 190 East 91st Street, Brooklyn, New York 11212 ("Subject Property").  For the reasons set forth below, Plaintiff's motion for entry of a default judgment is GRANTED.

**Background**

I.  **Factual Background**

The following facts are taken from Plaintiffs' complaint, supporting affidavits, declarations, and exhibits, and are undisputed.[1] In considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations in the complaint, except those relating to damages. *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 204 (E.D.N.Y. 2009) ("[W]hen the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citation omitted)).

On August 8, 2005, a mortgage ("the Mortgage") was executed by Defendant Taniki A. Brown, a resident and citizen of New York, to First Franklin, a Division of National City Bank of Indiana ("First Franklin") in order to secure the sum of $88,580.00 and interest for the Subject Property. (Compl. ¶¶ 2, 7.) On that date, Defendant executed and delivered a Promissory Note to First Franklin in the amount of $88,580.00. (*Id.* at ¶ 8; ECF No. 1-1, Ex. C (Exhibit "C" includes a copy of the Note

---

[1] (*See* ECF No. 1, Compl.; ECF No. 1-1—1-2; ECF No. 11, Mot.; ECF No. 11-1, Declaration of Regularity in Support of Default Judgement by Alan H. Weinreb, Esq. ("Weinreb Decl."); ECF Nos. 11-1, 11-4—11-5, 11-7; ECF No. 11-6, Ex. C, Affidavit of Amounts Due.)

2

with endorsements, security agreement, Allonge, and the Affidavit of Note Possession, evidencing Plaintiff's possession of the Note and Mortgage.).)  The Mortgage was recorded in the Kings County Clerk's Office on August 31, 2005, and covers the Subject Property at 190 East 91st Street, Brooklyn, New York 11212.  (Compl. ¶ 7; ECF No. 1-1, Ex. B, Mortgage.)  Plaintiff is the owner and holder of the Note, and came into possession of the original Note "on or about December 9, 2019."  (Compl. ¶ 10; ECF No. 1-1, Ex. C, Affidavit of Note Possession, p. 31, ¶¶ 7-8.)  Plaintiff is a single member Delaware LLC whose sole member is a citizen of the Kingdom of Morocco and a resident of Florida. (Compl. ¶ 2.)  Accordingly, the Court has diversity subject matter jurisdiction.

As alleged in the complaint, Defendant has failed to comply with the terms and provisions of the Mortgage by failing to make the monthly payments due on January 1, 2017 and thereafter.  (*Id.* ¶ 11.)  Defendant's default on payments continues to date.  (*Id.*)  Plaintiff further alleges that Plaintiff has complied with the Mortgage's contractual provisions, including by sending Defendant all required notices.  (*Id.* at ¶ 12.)  The required Notice of Default was issued on February 26, 2021, to Defendant.  (*See* ECF No. 1-1, Ex. D, pp. 34-37 (Notice of Default and proof of mailing).)  The Notice of Default advised Defendant of possible acceleration of the loan,

3

and further advised that continued default and failure to cure arrears would allow Plaintiff to declare immediately payable the outstanding principal balance due under the Note and all accrued interest.  (*Id*.)  Plaintiff further alleges compliance with the "90-day notice" (the "90 Day Notice") provided by New York Real Property Actions and Proceedings Law ("RPAPL") Section 1304(1), and under RPAPL Section 1306(1).  (Compl. ¶ 12.)  The 90 Day Notice was issued on February 26, 2021, to Defendant.  (*See* ECF No. 1-1, Ex. D, pp. 38-44 (copies of the 90 Day Notice with proof of mailing and registration).)  Plaintiff alleges that it has also complied with the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020, (S.9114/A.1181).  (*See* Compl. ¶ 13; ECF No. 1-1, Ex. E pp. 45-53.)  Plaintiff also alleges that it has complied with all applicable provisions of New York Banking Law Sections Nine-X, 595a, and 6-1; and, RPAPL Sections 1302 and 1304.  (Compl. ¶¶ 14-15.)

As of the date of the filing of the complaint, Defendant had failed to respond to the Default Notice and the 90 Day Notice.  (Compl. ¶ 16.)  Accordingly, as alleged in the complaint, Defendant is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for: (1) the unpaid principal amount due under the Note and all accrued and unpaid interest and late charges; (2) attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of

4

the Note, which will accrue until the amount due and payable under the Note is paid in full;[2] and, (3) any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage. (Compl. ¶¶ 17-17(c).)

## II. Procedural Background

On June 3, 2021, Plaintiff commenced this mortgage foreclosure action. (*See* ECF No. 1, Compl.) Additionally on June 3, 2021, a summons was issued to Defendant Taniki A. Brown, who was served with process on July 7, 2021, as indicated by the executed return, filed on July 21, 2021. (ECF No. 5; ECF No. 8.) Defendant's answer was due on July 28, 2021. (*See* Jul. 21, 2021, Dkt. Entry.) On July 29, 2021, Plaintiff requested a certificate of default. (ECF No. 9.) On August 4, 2021, the Clerk of Court entered a Certificate of Default against all Defendants. (ECF No. 10.)

Plaintiff filed the instant motion for default judgment of foreclosure and sale on August 17, 2021. (ECF No. 11.) Plaintiff also filed an Affidavit of Service confirming that a copy of its default judgment motion, along with the supporting papers and exhibits, had been served on Defendant via

---

[2] Though Plaintiff's complaint states that Defendant is indebted for attorney's fees, Plaintiff's Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale states that "Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action." (Weinreb Declaration, ¶ 7.)

5

First Class Mail on August 17, 2021.[3] (ECF No. 11-7, Affidavit of Service.)  To date, Defendants have not appeared, filed an answer to the complaint, or filed a response to Plaintiff's motion for default judgment of foreclosure and sale.

## Legal Standard

Federal Rule of Civil Procedure 55 ("Rule 55") governs the applicable procedure for default judgments in civil litigation.  *See* Fed. R. Civ. P. 55; *see also City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011).  Rule 55 provides "a 'two-step process' for the entry of judgment against a party who fails to defend."  *Id.*; *see also GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).  First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default.  Fed. R. Civ. P. 55(a).  Second, the plaintiff must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  *GuideOne Specialty Mut. Ins. Co.* at 208.  Because a default judgment is an extreme remedy, "[d]efault judgments 'are

---

[3] In compliance with Local Civil Rule 55.2(b), the Plaintiff's supporting papers and exhibits included copies of (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.  (ECF Nos. 11-3—11-5.)

6

generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993)). Before entering a default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

On a default judgment motion, the defendant is deemed to have admitted all well-pleaded factual allegations in the plaintiff's complaint, except for claims relating to damages. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see generally Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (under both a motion to dismiss and a motion for default, the plaintiff must proffer well-pleaded allegations). Once the defendant is found to be in default, the plaintiff bears the burden of showing that she is entitled to recovery. *See Danser*

7

*v. Bagir Int'l*, 571 F. App'x 54, 55 (2d Cir. 2014); *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 58 (2d Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Kalika*, No. 04 Civ. 4631, 2007 WL 4326920, at *7 (E.D.N.Y. Dec. 7, 2007).

When damages for a default judgment are "not susceptible to simple mathematical calculation, Federal Rule of Civil Procedure 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 91 (E.D.N.Y. 2020) (internal citations omitted)). Therefore, a court may rely on "detailed affidavits and documentary evidence," in addition to the plaintiff's complaint, to determine the sufficiency of a default judgment claim. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *see Cement & Concrete Workers*, 699 F.3d at 234. The amount of damages awarded, if any, must be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see Cement & Concrete Workers*, 699 F.3d at 232.

## Discussion

### I. Procedural Requirements of Default Judgment

As reflected *supra*, Plaintiff has complied with all procedural requirements for seeking a default judgment.

Defendant was served with a copy of the summons and complaint, and has not answered, appeared, or otherwise moved to defend the instant action. (ECF No. 8, Summons Returned Executed.) The Clerk of Court entered a certificate of default on August 4, 2021. (ECF No. 10.) Plaintiff has also established compliance with Local Civil Rule 55.2(b), as Plaintiff's papers and exhibits in support of its motion for default judgment included copies of (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment. (ECF Nos. 11-3—11-5.) Plaintiff has also demonstrated, through an Affidavit of Service, that its motion for default judgment and all supporting papers were mailed to Defendant. (ECF No. 11-7.)

## II.  Foreclosure

"Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment' on the loan secured by the mortgage." *Windward Bora LLC v. Baez*, No. 19-cv-5698(PKC)(SMG), 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020) (citing *Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS) (SIL), 2019 WL 3872853, at *3 (E.D.N.Y. July 16, 2019) (quoting *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018))). "[O]nce a plaintiff mortgagee in a foreclosure action has established a

9

*prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Watts*, No. 13-cv-3211 (ADS) (WDW), 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) (citations omitted), *report and recommendation adopted*, No. 13-cv-3211 (ADS) (WDW), 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Plaintiff, through its well pleaded complaint and supporting documents, has established a diversity subject matter jurisdiction and a *prima facie* entitlement to a default judgment against Defendant. (Compl. ¶¶ 2, 3, 5.) First, Plaintiff has established the existence of the Mortgage and the Note. (*See* ECF No. 1-1, Ex. B, Mortgage; ECF No. 1-1, Ex. C (copy of the Note with endorsements, security agreement, Allonge, and the Affidavit of Note Possession.).) The exhibits appended to Plaintiff's complaint demonstrate that the Mortgage was recorded in the Kings County Clerk's Office on August 31, 2005, and covers the Subject Property at 190 East 91st Street, Brooklyn, New York 11212. (ECF No. 1-1, Ex. B, Mortgage.) Second, Plaintiff has also alleged ownership of the Note prior to June 3, 2021, the date of the commencement of the instant action. Plaintiff "came into possession of the original Promissory Note with endorsements and Allonge[...] on or about December 9, 2019. (ECF No. 1-1, Ex. C, Affidavit of Possession, pp. 30-3.)

10

Plaintiff's demonstrated possession of the Note grants Plaintiff the rights to enforce the corresponding Mortgage and to initiate the foreclosure action. *See In re Escobar*, 457 B.R. 229, 240, n. 10 (Bankr. E.D.N.Y. 2011) (citing *Deutsche Bank Nat'l Trust Co. v. Pietranico*, 33 Misc. 3d 528, 928 N.Y.S.2d 818 (2011) (finding under New York law the owner or holder of the promissory note holds the rights to enforce the associated mortgage and to commence a foreclosure action; mere physical possession of the promissory note endorsed in blank provides presumptive ownership of the note by the holder, and the holder of the note is the presumptive owner of the underlying mortgage); *Weaver Hardware Co. v. Solomovitz*, 235 N.Y. 321, 331–32, 139 N.E. 353 (N.Y.1923) ("[A] mortgage given to secure notes is an incident to the latter and stands or falls with them[.]"); *Smith v. Wagner*, 106 Misc. 170, 178, 174 N.Y.S. 205 (N.Y.Sup.Ct.1919) ("[A]ssignment of the debt carries with it the security therefor, even though such security be not formally transferred in writing")).

Third and finally, Plaintiff has established a default in the contractually required payments by Defendant. As alleged in the complaint, Defendant has failed to comply with the terms and provisions of the Mortgage by failing to make the monthly payments due on January 1, 2017. (*Id*. ¶ 11.) Defendant's default on payments continues to date. (*Id.*)  The

11

Note provides that Defendant may be required "to pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage[,]" if Defendant, the borrower, "fails to keep promises and agreements[,]" under the Note.  (ECF No. 1-1, Ex. B, Mortgage, p. 11, ¶ 20.)  Plaintiff complied with the Mortgage's related contractual provisions, including by sending Defendant all required notices following Defendant's default.  (*Id*. at ¶ 12.)  Plaintiff further alleges that it has complied with all of its corresponding statutory obligations, including under New York Banking Law, New York RPAPL, and the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020.[4]  (Compl. ¶¶ 12-15.)

As demonstrated by the record, Plaintiff complied with all the procedural requirements for seeking a motion for default judgment.  Defendant has not appeared, answered Plaintiff's complaint, or opposed the instant motion.  Defendant has failed to challenge or rebut Plaintiff's *prima facie* case that it is entitled to a default judgment.  Accordingly, Plaintiff's motion for a default judgment of foreclosure and sale is granted.

### III.  Damages and Remedies

---

[4] As referenced *supra*, Plaintiff has demonstrated that Defendant was issued: (1) a Notice of Default on February 26, 2021 (*see* Compl. ¶ 12; ECF No. 1-1, Ex. D, pp. 34-37 (Notice of Default and proof of mailing)); a 90 Day Notice, issued on February 26, 2021 (*see* Compl. ¶ 12; ECF No. 1-1, Ex. D, pp. 38-44 (copies of the 90 Day Notice with proof of mailing and registration)); a Hardship Declaration pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (*see* Compl. ¶ 13; ECF No. 1-1, Ex. E pp. 45-53 (COVID-19 Hardship Declaration).)

12

The Court may not accept as true Plaintiff's factual allegations related to damages. *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-cv-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). "The court must be satisfied that Plaintiff has met the burden of proving damages to the court with 'reasonable certainty.'" *Id*. (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Id*. (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

First, Plaintiff seeks a judgment of foreclosure and sale of the Subject Property at 190 East 91st Street, Brooklyn, New York 11212. The Court grants the requested relief, as Plaintiff has demonstrated the existence of the Note and Mortgage and Defendant's default on the corresponding loan. *See OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (internal quotation marks and citation omitted), *report and recommendation adopted*, No. 14-cv-5529 (DRH) (AKT), 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) ("A plaintiff is entitled to foreclose on a property if it

13

demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation.")

Plaintiff relatedly seeks a specific amount due on the Note and Mortgage, and computes that amount as $117,943.11, including interest, as of August 12, 2021. (ECF No. 11-3, Proposed Judgment, p. 1.) In support of its request for damages, Plaintiff submits an Affidavit of Amounts due to Plaintiff by Yonel Devico ("Devico Aff."), the sole Member of Windward Bora LLC, signed on August 16, 2020.[5] (ECF No. 11-6, Ex. C, Devico Aff.) Here, Plaintiff requests $117,943.11 in damages (*id.* at ¶ 8), comprised of: (1) $82,198.83 for the principal amount due on the Note (*id.* at ¶ 5); and (2) $35,744.28 for the total past due interest calculated from December 1, 2016, through August 12, 2021. (*Id.* at ¶ 6-7 (the rate of interest, pursuant to the loan terms, is 9.25%, equaling $20.83 *per diem* interest.[6]) The Court awards $117,943.11 to Plaintiff for the unpaid principal balance on the Note, including *per diem* interest of $20.83 as of August 12, 2021, and

---

[5] Though the Declaration signed by Plaintiff's counsel (ECF No. 11-1, Weinreb Decl. ¶ 5) states that the Devico Affidavit was "sworn on the 16th day of August 2021," the Court notes that the notarized Acknowledgment accompanying the Devico Affidavit provides that the Devico Affidavit was sworn on "the 16 day of August in the year 2020[.]" (ECF No. 11-6, Devico Aff., p. 4.) The Court will accept counsel's representation, given that the Devico Affidavit plainly references dates in 2021.
[6] As confirmed by the Court's independent calculations, the amount of interest is calculated by taking the principal balance of $82,198.83, and multiplying it by 9.25%, then dividing the number by 365 to obtain the *per diem* interest rate of $20.83.

14

continuing the *per diem* interest until the date of entry of judgment.

Plaintiff also appears to request pre- and post-judgment interest. (Compl. at at p. 6 (requesting that Plaintiff be "paid with interest and late charges to the time of such payment and the expenses of such sale"); ECF No. 11-1, Weinreb Decl. at p. 3 (requesting "that this Court ascertain and compute the amount due to Plaintiff for principal and interest[.]").) The Court awards Plaintiff *per diem* pre-judgment interest of $20.83, starting from August 12, 2021 until the date on which judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a), running from the date judgment is entered until the judgment is satisfied, presumably by the foreclosure sale. *See Windward Bora LLC v. Sterling*, No. 18-cv-1727 (DRH) (SIL), 2018 WL 5839797, at *5 (E.D.N.Y. Nov. 8, 2018) (awarding *per diem* pre-judgment interest and post-judgment interest at the statutory rate), *report and recommendation adopted*, No. 18-cv-1727 (DRH) (SIL), 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018).

Additionally, Plaintiff requests an order that the Subject Property be sold as one parcel, and that the foreclosure and sale of the Subject Property be conducted through the appointment of Referee Susan Ellen Rizos, Esq., by the Court. (ECF No. 11-3, Proposed Judgment, p. 2.) The Court grants this

15

relief, and notes that courts regularly appoint referees in cases of mortgage foreclosures and sales. *See Baez*, 2020 WL 4261130, at *5 (quoting *Valente*, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) ("[c]ourts routinely appoint referees to effectuate the sale of foreclosed properties.") (collecting cases)).

Lastly, Plaintiff seeks payment, from the proceeds of the sale, of additional costs related to the Subject Property. (ECF No. 11-3, Proposed Judgment, pp. 2-3 (requesting "the sum of $750.00 to said Referee for his fees[,]" the "expenses of the sale and the advertising expenses as shown on the bills presented to said Referee[,]" and "taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon[.]").) Plaintiff did not expressly seek this relief in its complaint, (*see* Compl. at p. 6 (generally requesting "the expenses of such sale[.]")), and when granting default judgment, courts generally are not permitted "to award damages that exceed what the plaintiff requested in its complaint." *Castiglione*, 2019 WL 2435670, at *5 (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)). Here, however, given that Plaintiff did seek "the expenses of such sale[,]" the Court finds that this phrase "logically includes" Plaintiff's stated costs, and thus grants Plaintiff these expenses as requested in the proposed judgment. *Baez*, 2020 WL 4261130, at *6 (granting

16

reimbursement of foreclosure and sale expenses sought in proposed judgment that were not explicitly requested in the complaint where catch-all term "expenses of the sale" was used in the complaint.) (collecting cases).

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for default judgment. The Court awards Plaintiff damages consisting of: (1) $82,198.83 for the principal balance owed by Defendant pursuant to the Loan entered into by and between Defendant and Plaintiff's predecessor-in-interest; (2) $35,744.28 accrued interest from the date interest is owed (i.e., December 1, 2016) through August 12, 2021; (3) *per diem*, pre-judgment interest of $20.83, starting from August 13, 2021 until the date on which judgment is entered; (4) post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date the judgment is satisfied; (5) the appointment of Referee Susan Ellen Rizos, Esq., to effectuate the foreclosure and sale of the Subject Property as one parcel; and, (6) other costs related to the sale of the Subject Property, as specified in the endorsed Judgment accompanying the instant memorandum and order. Plaintiff is ordered to serve a copy of this Memorandum and Order and the forthcoming Judgment on Defendant and file proof of service on the docket. The Clerk of the Court is

respectfully requested to enter judgment in favor of Plaintiff and close the case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 24, 2022

                                    /s/
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York

18